United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10626
Summary Calendar
_____

ADAM R. MILLER,

Plaintiff-Appellant,

versus

AMERICAN INTERNATIONAL GROUP, INC., THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA; AIG CLAIMS SERVICES, INC.; TEXAS WORKERS
COMPENSATION COMMISSION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-553
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Adam R. Miller appeals from the district court's Second
Amended Final Judgment, which the district court issued following
its grant of a FED. R. CIV. P. 60(a) motion to correct a clerical
mistake filed by defendants American International Group, Inc.
("AIG"), the Insurance Company of the State of Pennsylvania
("ICSOP"), and AIG Claims Services, Inc. ("AIG Claims").
Consistent with the order issued upon its grant of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants' Rule 60(a) motion, the district court's Second Amended Final Judgment dismissed, with prejudice, all of Miller's claims against AIG.

Miller argues that the district court's grant of the Rule 60(a) motion was erroneous because it precludes him from pursuing state law claims against AIG and affects his substantial rights. He contends that the defendants should have pursued an appeal from the district court's original final judgment rather than seek relief under Rule 60(a). Miller requests the issuance of a writ of mandamus, and he also asks that the defendants be assessed the sum of $1500, plus interest, to cover the costs associated with the appeal. See id. at 11.

Rule 60(a) is to be applied where "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature...." Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (1984)(en banc).

The district court's original final judgment reveals ambiguity as to whether Miller's claims against AIG were dismissed with prejudice or without prejudice. "Clerical mistakes may . . . involve 'ambiguity' in a judgment or order." In re Amer. Precision Vibrator Co., 863 F.2d 423, 430 n.9 (5th Cir. 1989) (internal quotation omitted). Our review of the order

that accompanied the original final judgment indicates that all of Miller's claims against AIG were dismissed, with prejudice, based on the district court's determination that AIG was not a proper party defendant. We therefore conclude that the district court did not err in granting the FED. R. CIV. P. 60(a) motion to correct a clerical mistake in its previous judgment. See Harcon Barge, 784 F.2d at 668; Stovall v. Illinois Central Gulf R.R. Co., 722 F.2d 190, 191 (5th Cir. 1984). Accordingly, the judgment of the district court is AFFIRMED, and Miller's requests for mandamus relief and for the costs associated with the appeal are denied.

Miller's unopposed motion for leave to file an-out-of-time reply brief is GRANTED. See FED. R. APP. P. 26(b). The defendants' motion for sanctions for filing a frivolous appeal is DENIED. See FED. R. APP. P. 38.