United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-21086

(Summary Calendar)

_____

MARTIN MIDSTREAM PARTNERS,

Plaintiff - Appellant,

versus

BOONE TOWING INC,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 4:04-CV-2109

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Martin Midstream Partners ("Martin") appeals the district court's grant of judgment as a

matter of law (JMOL) in favor of defendant Boone Towing, Inc. ("Boone") in this tort action to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recover damages from a boat collision. Martin argues that the district court erred in granting JMOL because (1) although the trial was a bench trial, JMOL was granted under FED. R. CIV. P. 50(a)(1), which only pertains to jury trials and (2) the evidence presented by Martin at trial demonstrated that Boone was negligent.

A.C. Carl White ("White") was piloting the Navigator, a ship owned by Martin, in the Houston Ship Channel ("HSC"). The Navigator, heading southbound, intended on making a port turn into Bolivar Road, the east-west portion of the intercoastal waterway ("ICW") south of Bolivar Peninsula. Prior to making his port turn, White made radio calls on the vessel to vessel and Houston Vessel Traffic channels advising of his intentions. The Matthew B, a vessel owned by Boone, was outside of the HSC and also heading toward the ICW. As the Navigator made its port turn, it was fighting a powerful outbound tide. The Navigator collided with the Matthew B as it made its port turn.

Martin brought suit in district court against Boone to recover property damages stemming from the collision. Martin's complaint alleges that the operators of the Matthew B were negligent in several respects and that the negligence was the proximate cause of the collision and the resulting damage to the Navigator. Specifically, Martin contends that the Matthew B was negligent for failing to: (1) respond to radio calls made by the Navigator; (2) properly maintain a lookout; (3) use and maintain signal lights; (4) yield right-of-way to the Navigator; (5) properly determine that a risk of collision existed; and (6) take action necessary to avoid the collision. At trial, Martin presented only one witness, White, who testified regarding his actions and those of the operators of the Matthew B leading up to the collision. At the conclusion of Martin's case in chief, the district court granted judgment in favor of Boone. In the written judgment, JMOL was entered pursuant to FED. R. CIV.

P. 50(a)(1). Martin appealed.

Martin first argues that Rule 50(a) is inapplicable to a bench trial, and that in any event, the district court erred by failing to make specific findings of fact and law as required when granting JMOL pursuant to FED. R. CIV. P. 52(c). Boone acknowledges Martin's initial point: JMOL pursuant to Rule 50(a)[1] is only appropriate in a jury trial. In a bench trial, the appropriate procedural mechanism is Rule 52(c)[2]. However, Boone argues that the judgment's citation of Rule 50(a) rather than Rule 52(c) is merely a clerical error that is correctable under FED. R. CIV. P. 60(a).

Under Rule 60(a), a district court may correct clerical errors in its judgment caused by mistake, oversight, or omission. *See* FED. R. CIV. P. 60(a). A clerical error is a mistake, oversight, or omission that causes the judgment to fail to reflect what was intended by the court at the time. *See Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976). Clerical errors may be corrected during the pendency of an appeal by the district court when given leave to do so by this Court. *See In re W. Tex. Mktg. Corp.* 12 F.3d 497, 503 (5th Cir. 1994).

It is clear from the trial transcript that the district court intended to grant JMOL at the conclusion of Martin's case, but mistakenly cited the wrong procedural rule in the written judgment.

---

[1]Rule 50(a)(1) provides: "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

[2]Rule 52(c) provides: "If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule."

Therefore, under Rule 60(a), the district court may, on remand, correct this clerical error by amending the written judgment to grant JMOL under Rule 52(c). *Id.*

However, as Martin notes, Rule 52(c) requires the district court to state its findings of fact and conclusions of law when entering JMOL. The district court only cursorily stated its legal conclusion that Boone was not "negligent or in violation of maritime rules or custom." It gave no findings of fact. Rule 52(c)'s requirements are meant "to engender care on the part of the trial judge in ascertaining the facts and to make possible meaningful review in the appellate courts." *See Gupta v. E. Tex. State Univ.,* 654 F.2d 411, 415 (5th Cir. 1981) (citing *Ramirez v. Hofheinz*, 619 F.2d 442, 445 (5th Cir. 1980)). When the district court has failed to comply with Rule 52(c), remand is appropriate unless it can be determined that the district court correctly applied the proper legal standards. *Id.* In the instant case, the district court's legal conclusions cannot be reviewed by this Court without the factual findings made below after hearing White's testimony and a more complete description of the legal analysis. Therefore, on remand, the district court must also amend its judgment to include detailed factual findings and conclusions of law as required by Rule 52(c). *Id.*

For the foregoing reasons, we VACATE the judgment and REMAND for amendment of the written judgment consistent with this opinion.