# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2011

Lyle W. Cayce
Clerk

No. 10-50328

RACHEL RIVERA

Plaintiff–Appellant

v.

PNS STORES, INC. doing business as MacFrugals Bargain Closeout, doing business as MacFrugals, Inc.,

Defendant–Appellee

Appeal from the United States District Court
for the Western Disrict of Texas

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Federal Rule of Civil Procedure 60(a) allows a district court to correct a clerical error in a judgment if the error causes the judgment to inaccurately reflect the results of the court's adjudication. Plaintiff–Appellant Rachel Rivera contends that the district court exceeded its authority under Rule 60(a) when it corrected the judgment dismissing Rivera's case to reflect that the dismissal was "with prejudice" instead of "without prejudice." However, the district court had adjudicated Rivera's claims on their merits via a grant of summary judgment, and a grant of summary judgment necessarily results in a dismissal with prejudice. Therefore, we conclude that Rule 60(a) authorized the district court to enter the corrected judgment and affirm its decision to do so.

No. 10-50328

## I.

This appeal is one part of a larger dispute between these two parties that spans both state and federal court. In April of 1998 Rivera slipped, fell, and broke her hip while shopping in a store owned by the defendant–appellee PNS Stores, Inc. Eight months later Rivera filed suit against PNS in state court, alleging that PNS had negligently failed to maintain the store's premises in a safe condition, failed to properly train its employees, and failed to properly supervise its employees. PNS removed the case to federal court, the parties conducted discovery, and PNS moved for summary judgment. The magistrate judge recommended that summary judgment be granted on the ground that Rivera had no evidence as to an essential element of her premises-liability claim: namely, that PNS had either actual or constructive knowledge of the dangerous condition in its store. The district court issued a written order accepting that recommendation on January 7, 2000, and final judgment was entered the same day. Both the order and the final judgment recited that "the Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED without prejudice." Neither party appealed.

About three months later, Rivera refiled her case in state court, reasserting the same three negligence theories she had asserted in the recently concluded federal-court action. PNS failed to answer the state-court petition, so in June of 2000 Rivera took a default judgment in the amount of $1.48 million. It appears that Rivera did nothing over the next nine years to enforce or execute on the state-court default judgment. It was not until February of 2009 that Rivera served a writ of execution of judgment on PNS. PNS—claiming this was the first notice it had ever received of the default judgment and vigorously disputing the judgment's validity—filed a petition for a bill of review[1] asking the

---

[1] A petition for a bill of review serves much the same function in the Texas courts that a motion for relief from judgment under Rule 60(b) serves in the federal courts.

No. 10-50328

state district court to set aside the default judgment, which by this time had ballooned in size to more than $3.5 million because of the accumulation of post-judgment interest.  PNS argued that the state-court default judgment was void on its face because the issues and claims it decided were res judicata in the federal district court's grant of summary judgment in favor of PNS.  Rivera countered that the federal district court had deliberately dismissed the case without prejudice instead of with prejudice so that she would have the opportunity to refile her claims in state court and that PNS's petition for a bill of review was barred by limitations.

Apparently hoping to improve its chances of convincing the state district court to set aside the default judgment, PNS returned to federal district court and filed the motion that is the subject of this appeal.  PNS argued that the January 7, 2000 judgment's denomination of the dismissal as being without prejudice was a clerical mistake that should be corrected pursuant to Rule 60(a) to reflect the court's true intention to dismiss the case with prejudice.  The district court granted the motion in May of 2009 and entered a corrected judgment *nunc pro tunc* reflecting that Rivera's case had been dismissed with prejudice.  The court confirmed that its intent in granting PNS's motion for summary judgment had been to dismiss all of PNS's claims with prejudice.  Acknowledging that both the judgment and the accompanying order contained the "without prejudice" language, the court explained that the language of the judgment tracked the language of the order not because the court had twice determined that the dismissal should be without prejudice, but rather because the judgment was prepared by the clerk of court, who unwittingly tracked the incorrect language of the order in preparing the final judgment.

PNS's hope of bolstering its prospects in state court proved to be hollow. The state district court declined to set aside the default judgment; the court of

No. 10-50328

appeals affirmed.[2]  Both the district court and the court of appeals were aware at the time they rendered their decisions that the federal district court had reformed its judgment to reflect a dismissal with prejudice.  Each concluded that this fact did not entitle PNS to relief from the state-court default judgment.[3]  In the meantime, Rivera perfected this appeal, where she argues that Rule 60(a) did not authorize the district court to modify the language of the judgment.

II.

Rule 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."[4] Because the court can exercise its authority under Rule 60(a) at any time, it may do so only to provide "a specific and very limited type of relief,"[5] relief that is different in kind from an alteration or amendment of the judgment under Rule 59(e) or relief due to mistake or inadvertence under Rule 60(b)(1).  We review a district court's decision to enter a corrected judgment under Rule 60(a) for an abuse of discretion.[6]  But the determination of whether it is Rule 60(a) that

---

[2] *PNS Stores, Inc. v. Rivera*, 335 S.W.3d 265 (Tex. App.—San Antonio Nov. 3, 2010, pet. filed).

[3] *See id.* at 274 ("A judgment is void only when it is apparent the court rendering judgment had no jurisdiction . . . .  PNS contends the default judgment is void because . . . res judicata and collateral estoppel deprived the state court of subject matter jurisdiction. However, Texas courts have long recognized that res judicata and collateral estoppel are affirmative defenses that constitute pleas in bar, not pleas to the jurisdiction.").

[4] FED. R. CIV. P. 60(a).

[5] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002); *see also Am. Precision Vibrator Co. v. Nat'l Air Vibrator Co. (In re Am. Precision Vibrator Co.)*, 863 F.2d 428, 430 (5th Cir. 1989) (noting this Court's practice of "construing Rule 60(a) narrowly"); *Archer v. Lynaugh*, 821 F.2d 1094, 1096 (5th Cir. 1987) ("[T]he scope of Rule 60(a) is limited.").

[6] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008).

No. 10-50328

authorizes the correction—as opposed to Rule 59(e) or Rule 60(b)—is a question of law that we review de novo.[7]

Our past decisions have looked to three criteria to determine whether a mistake can be corrected under Rule 60(a): (1) the nature of the mistake; (2) the district court's intent in entering the original judgment; and (3) the effect of the correction on the parties' substantial rights. There is substantial overlap between these three criteria.[8] Each is but a slightly different way of expressing the core idea that resort to Rule 60(a) may be had when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated."[9] Our consideration of these three criteria persuades us that Rule 60(a) authorized the district court to correct the judgment so as to reflect that Rivera's claims were dismissed with prejudice.

A.

"To be correctable under Rule 60(a), the 'mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'"[10] Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in

---

[7] *See Britt v. Whitmire*, 956 F.2d 509, 513 (5th Cir. 1992) ("[I]t is not the label that a party places on a motion . . . but the true nature of the relief sought that determines under which rule a motion should be classified.").

[8] *Cf. Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 797 (5th Cir. 2011) (explaining that while the five factors used to determine whether a plaintiff has prudential standing under the Lanham Act "do not pose five wholly distinct inquiries . . . , each turn of the prism illuminates a slightly different facet of a single underlying question").

[9] *Bernstein v. Lefrak* (*In re Frigitemp Corp.*), 781 F.2d 324, 327 (2d Cir. 1986).

[10] *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984) (per curiam) (quoting *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)). "Amanuensis" is a synonym for "scrivener," a person whose job is to write from dictation or to copy manuscript.

No. 10-50328

mathematical calculation are within Rule 60(a)'s scope;[11] missteps involving substantive legal reasoning are not.[12]  For example, Rule 60(a) allows a district court to amend its judgment to modify a jury's damages award where the jury has committed a simple mathematical error while computing the damages.[13] But a district court cannot rely on Rule 60(a) to amend a judgment that awards specific performance so that it instead awards both specific performance and money damages.[14]  In short, "A Rule 60(a) motion 'can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'"[15]

Here, the change to the judgment targeted a clerical mistake. Inadvertently designating a dismissal as being "without prejudice" instead of "with prejudice" is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant.  It is not an error of judgment or legal reasoning, as no chain of legal reasoning could possibly lead a court to conclude that summary judgment should be granted without prejudice.

---

[11] *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998) ("Rule 60(a) may be used to correct 'mindless mechanistic mistakes' which require no additional legal reasoning." (quoting *United States v. Kellogg* (*In re W. Tex. Mktg. Corp.*), 12 F.3d 497, 504 (5th Cir. 1994))).

[12] *See In re Am. Precision Vibrator Co.*, 863 F.2d at 430 (explaining that Rule 60(a) "does not encompass errors that involve judgment or discretion"); *see also Rutherford v. Harris County*, 197 F.3d 173, 190 (5th Cir. 1999) ("[C]orrection of an error in substantive judgment is outside the reach of Rule 60(a)."); *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986) ("[F]actual and legal misconceptions, as well as exercises of discretion, may not be corrected under Rule 60(a), while blunders in execution may be."); *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984) (per curiam) ("Rule 60(a) clerical mistakes . . . are not errors of substantive judgment.").

[13] *United States ex rel. Miss. Road Supply Co. v. H.R. Morgan, Inc.*, 542 F.2d 262, 269 (5th Cir. 1976).

[14] *Trahan v. First. Nat'l Bank of Ruston*, 720 F.2d 832, 833–34 (5th Cir. 1983).

[15] *In re Galiardi*, 745 F.2d at 337 (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2854 (2d ed. 1977)).

Indeed, the very concept of granting summary judgment without prejudice is internally incoherent:

> "Without prejudice" indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties. Summary judgment, on the other hand, is the procedural equivalent of a trial and is an adjudication of the claim on the merits. Thus, to grant summary judgment without prejudice is to say that although there has been an adjudication on the merits, it is not conclusive as to the rights of the parties. . . . [This] is logically inconsistent.[16]

Rule 60(a) authorizes a district court to modify a judgment so that the judgment reflects the "'necessary implications of the court's decision,'"[17] and a motion for summary judgment "is necessarily granted with prejudice."[18]

Rivera contends that a motion to change a dismissal's designation as "with prejudice" or "without prejudice" can only be made under Rule 59(e).[19] It is true that Rule 59(e) is the exclusive means for changing the prejudicial effect of a voluntary dismissal granted under Rule 41(a)(2).[20] The reason for this rule is

---

[16] *Poulos v. Reda*, 520 N.E.2d 816, 823 (Ill. App. Ct. 1987) (internal citations omitted).

[17] *In re W. Tex. Mktg. Corp.*, 12 F.3d at 504 (quoting *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990)).

[18] *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 722 (5th Cir. 1990) (citing *Tuley v. Heyd*, 482 F.2d 590, 594 n.2 (5th Cir. 1973)); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice."); *Tuley*, 482 F.2d at 594 n.2 ("[A] summary judgment is always 'with prejudice.' It 'is on the merits and purports to have a res judicata effect on any later action.'" (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2713 (1973))).

[19] *See Sack v. Low*, 478 F.2d 360, 362 n.1 (2d Cir. 1973) ("The Advisory Committee notes make it plain that a principal purpose of Rule 59(e) . . . was to make clear that a district court had power to amend a judgment dismissing without prejudice so that the dismissal should be with prejudice, as held in *Boaz v. Mut. Life Ins. Co.*, 146 F.2d 321 (8th Cir. 1944), and *vice versa*, but at the same time place a short time limit on such motions . . . .").

[20] *See Commercial Space Mgmt. Co. v. Boeing, Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("*Boaz* and the advisory committee note concern dismissals under Rule 41(a)(2).").

that making a post-judgment change to the stated prejudicial effect of a voluntary dismissal requires the district court to exercise its discretion. Rule 41(a)(2) gives a district court the option of entering a voluntary dismissal either with prejudice or without prejudice,[21] and when a court has discretion to select between two options, the choice of one option over the other is a matter of judgment. Consequently, at least two of our sister circuits have held that changing the prejudicial effect of a Rule 41(a)(2) dismissal is a substantive amendment that must be requested under Rule 59(e).[22] In contrast, a district court has no discretion to grant summary judgment without prejudice. Changing the language of a dismissal that was entered following a grant of summary judgment to reflect that the dismissal was with prejudice does not require the exercise of judgment. It requires nothing more than the court's recognition that it previously made an error of recitation. As a result, we conclude that the district court's mistake in designating a post-summary-judgment dismissal as a dismissal without prejudice was clerical in nature.

## B.

A district court's authority under Rule 60(a) is also limited to making corrections that are consistent with the court's intent at the time it entered the judgment.[23] Rule 60(a) does not "provide for the correction of the deliberate

---

[21] *See* FED. R. CIV. P. 41(a)(2).

[22] *See Brown v. Local 58, Int'l Bhd. of Elec. Workers*, 76 F.3d 762, 765 & 768 (6th Cir. 1996); *Maxus Energy Corp. v. United States*, 31 F.3d 1135, 1139–41 (Fed. Cir. 1994). In addition, in a case that the district court had *sua sponte* dismissed without prejudice where "the basis for dismissal [was] unclear," the Eleventh Circuit held that "a district court possesses the power to transform a dismissal without prejudice into a dismissal with prejudice, but this power must be exercised within [the] 10-day time frame" of Rule 59(e). *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1127 n.3 & 1132 (11th Cir. 1994).

[23] *See In re Galiardi*, 745 F.2d at 337 (limiting Rule 60(a) to corrections that cause the judgment to reflect what "was obviously intended but inadvertently omitted by the district court at the time the original order was entered"); *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976) (explaining that Rule 60(a) targets errors "that cause the record or

choice of the district judge,"[24] even where that deliberate choice is based on a mistake of law.[25] Rather, "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another."[26] We ascertain the district court's intent at the time it entered the judgment by reviewing any other relevant documents that were produced contemporaneously with the judgment, such as a memorandum opinion or order,[27] findings of fact and conclusions of law,[28] the transcript of a hearing,[29] or a signed stipulation of the parties.[30]

judgment to fail to reflect what was intended at the time of trial").

[24] *Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27, 29 (1st Cir. 2007) (citation and internal quotation marks omitted).

[25] *See Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) ("In deciding whether Rule 60(a) applies, we have to distinguish between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error. Rule 60(a) allows for the former but not the latter." (internal citation and quotation marks omitted)); *see also Warner*, 526 F.2d at 1211–12 (holding that a judgment could not be corrected under Rule 60(a), even though the district court had "allegedly made an error of law," on the ground that the judgment "did state what was intended").

[26] *Dura-Wood*, 694 F.2d at 114; *see also Chavez v. Balesh*, 704 F.2d 774, 776 (5th Cir. 1983) ("Rule 60(a) concerns 'what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write or record.'" (quoting *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980) (emphasis and ellipsis omitted))).

[27] *See, e.g.*, *Stovall v. Ill. Cent. Gulf R.R.*, 722 F.2d 190, 191 (5th Cir. 1984) (using the "memorandum opinion . . . filed contemporaneously with the judgment" to resolve an ambiguity in the judgment); *Kokomo Tube*, 123 F.3d at 623–24 (same); *see also infra* notes 31–34 and accompanying text.

[28] *See infra* notes 48–53 and accompanying text.

[29] *See, e.g.*, *Martin Midstream Partners v. Boone Towing Inc.*, 207 F. App'x 439, 441 (5th Cir. 2006) (per curiam) (unpublished) (holding that an error in a judgment was correctable under Rule 60(a) where it was "clear from the trial transcript" that the correction would effectuate the district court's intent); *see also infra* note 35 and cases cited therein.

[30] *See, e.g.*, *Griffin*, 782 F.2d at 1394–97 (upholding a change entered under Rule 60(a) that corrected the rate at which interest would run on the judgment so that it comported with the rate to which the parties had agreed in a signed stipulation); *see also Dura-Wood*, 694 F.2d

No. 10-50328

Our precedent lends strong support to the conclusion that Rule 60(a) allows a judgment's "with prejudice" or "without prejudice" denomination to be changed when the change comports with the intent conveyed by the substance of the district court's adjudication. In *Logan v. Burgers Ozark Country Cured Hams*, the district court's memorandum opinion and judgment both stated that the claims at issue were being dismissed without prejudice.[31] When the district court attempted to change the judgment so that the dismissal would be with prejudice, we held that Rule 60(a) did not authorize the amendment. The reasoning of the memorandum order indicated that the correction was substantive, not clerical.[32] What was an unstated assumption in *Logan*—that the change would have been clerical had the court's memorandum order reflected an intention that the dismissal be with prejudice—became a stated holding in *Miller v. American International Group*.[33] In *Miller*, the district court's original final judgment was ambiguous as to whether the dismissal was with prejudice or without prejudice. To resolve that ambiguity, we looked to the reasons the district court gave for dismissing the case in the order that accompanied the judgment. The order made it clear that the dismissal was intended to be with prejudice. Accordingly, we held that Rule 60(a) empowered the district court to amend its judgment to clarify that the dismissal was with prejudice.[34] This holding was consistent with two Ninth Circuit decisions that hold that a

---

at 113–14 (upholding the district court's authority under Rule 60(a) to correct a judgment's award of $2,100 in attorneys' fees where the parties had stipulated that the fee award should be $6,780).

[31] 263 F.3d 447, 454 (5th Cir. 2001).

[32] *Id.*

[33] 125 F. App'x 578 (5th Cir. 2005) (per curiam) (unpublished). Although *Miller* is an unpublished decision and thus is not binding precedent, *see* 5TH CIR. R. 47.5.4, we find its reasoning persuasive.

[34] *Id.* at 579.

10

No. 10-50328

judgment's stated prejudicial effect can be changed under Rule 60(a) when the change is consistent with the intent expressed by the district court during the hearing at which dismissal was granted.[35]

In this case, changing the judgment to reflect that Rivera's claims had been dismissed with prejudice was in keeping with the district court's intent at the time it entered the judgment. It requires no speculation to reach this conclusion. In its order granting PNS's motion to correct the judgment, the district court expressly stated that its intention had been to dismiss the case with prejudice. "[A] judge's own subsequent statements of his intent" are reliable evidence in the Rule 60(a) context.[36] Even putting those subsequent statements aside, it is apparent from the original record that the district court intended to grant PNS's motion for summary judgment. Both the magistrate judge's report and recommendation and the district court's order accepting that recommendation cite Rule 56, discuss and apply the summary-judgment standard, and address the essential evidentiary shortcoming that defeats Rivera's claims. This Court has long recognized that "summary judgment is a final adjudication on the merits,"[37] and "an 'adjudication upon the merits' is the

---

[35] *See Korea Exch. Bank v. Hanil Bank, Ltd.* (*In re Jee*), 799 F.2d 532, 535 (9th Cir. 1986) (allowing a judgment reflecting a dismissal with prejudice to be changed under Rule 60(a) to reflect a dismissal without prejudice where the transcript of the dismissal hearing showed that the district court intended to grant a voluntary dismissal without prejudice); *Huey v. Teledyne*, 608 F.2d 1234, 1237 (9th Cir. 1979) (allowing a judgment reflecting a dismissal without prejudice to be changed under Rule 60(a) to reflect a dismissal with prejudice where the transcript of the dismissal hearing showed that the district court intended to dismiss the case with prejudice for want of prosecution).

[36] *In re Jee*, 799 F.2d at 535 (citing *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (per curiam)).

[37] *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 350 (5th Cir. 2001); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) ("'Summary judgment is a judgment on the merits; it has the same effect as if the case had been tried by the party against whom judgment is rendered and decided against him.'" (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985))).

opposite of a 'dismissal without prejudice.'"[38] Summary judgment is a ruling that one party prevails as a matter of law. It is inevitably with prejudice, as Article III courts cannot offer advisory opinions. Every statement the district court made in its order granting PNS's motion is inconsistent with the "without prejudice" recitation. The substance of the district court's adjudication thus reflects an unmistakable intent to dismiss Rivera's claims with prejudice, and Rule 60(a) allows a judgment to be reformed so that it comports with the intent reflected in the substance of the court's adjudication.

We are not persuaded by any of Rivera's three counter-arguments. First, Rivera contends that the district court intentionally granted summary judgment without prejudice and that even if this was a mistake, it was a mistake of law that can only be corrected under Rule 59(e) or Rule 60(b)(1). To prevail on this argument, Rivera would have to show that the district court mistakenly believed it was possible to grant summary judgment without prejudice and made a deliberate choice to do so. Rivera has not identified anything in the district court's decision or reasoning that suggests it was laboring under such a fundamental misunderstanding of the nature of summary judgment. We think it is unlikely to the point of being fanciful to suggest that an able and experienced district judge would be unaware that granting a motion for summary judgment always results in a dismissal with prejudice.

Next, Rivera argues that she and PNS had a shared understanding that the judgment's "without prejudice" recitation was an intentional decision by the district court. This is a non-sequitur. Whether a mistake is correctable under Rule 60(a) turns on whether the judgment reflects the actual intention of the

---

[38] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (quoting FED. R. CIV. P. 41(a)).

court, not the shared understanding of the parties.[39] The Rule's purpose is to police any disconnect between the adjudication and the judgment, not between the judgment and the parties' understanding thereof.[40] That the parties accurately comprehended the literal terms of the judgment does not establish that the judgment accurately conveyed the results of the court's adjudication.

Finally, Rivera contends the district court must have made a deliberate choice to grant summary judgment without prejudice because in the original judgment, the district court crossed out a preprinted "December, 1999" and replaced it with a handwritten "January, 2000" but did not cross out the preprinted "without prejudice" and replace it with "with prejudice." This argument, too, falls short. The fact that the district court noticed one clerical mistake does not foreclose the possibility that it overlooked another. Because the order that accompanied the judgment expressed a clear intent to grant summary judgment (and thus to dismiss the case with prejudice), we conclude that changing the judgment to reflect a dismissal with prejudice was consistent with the district court's intent at the time it entered the original judgment.

## C.

Finally, a change to a judgment that "affects [the] substantive rights of the parties" is "beyond the scope of Rule 60(a)."[41] An amendment to a judgment affects the substantive rights of the parties if it expands the scope or modifies

---

[39] *See Klingman v. Levinson*, 877 F.2d 1357, 1360 (7th Cir. 1989) ("Whether 60(a) is available depends upon whether the judgment said what the judge actually meant . . . .").

[40] *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (explaining that "a court's failure to memorialize part of its decision is a clerical error" that is correctable under Rule 60(a)).

[41] *In re W. Tex. Mktg. Corp.*, 12 F.3d at 504; *see also Britt*, 956 F.2d at 514 (noting that a correction cannot be made pursuant to Rule 60(a) where it has "significant effect on the substantive rights of the parties" (citing *In re Galiardi*, 745 F.2d at 337)); *Warner*, 526 F.2d at 1212 (explaining that Rule 60(a) allows the correction of "errors made in transcribing or recording the judgment" but not "errors that affect substantial rights of the parties").

the content of the court's adjudication.  For that reason, Rule 60(a) does not authorize the district court to amend a judgment so as to grant summary judgment on additional claims not previously disposed of,[42] to take land away from one party to a quiet-title action and give it to the other,[43] or to clarify whether a transfer of venue was granted under 28 U.S.C. § 1404 or § 1406 (since the limitations period of the transferor court travels with the case under the former statute but not under the latter).[44]  To make any of these changes, the district court would have to decide a legal issue in a manner inconsistent with the decision embodied in its prior adjudication.  "Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b)."[45]

That said, Rule 60(a) "applies to all clerical miscues, trivial and important alike," including those that "unsettle expectations" and "have significant effects."[46]  The relevant inquiry under Rule 60(a) is not whether making the correction will have any effect on the parties' rights and obligations under the judgment.  Most of the time, it will.[47]  Rather, the question is whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication.  Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under Rule 60(a),

---

[42] *Britt*, 956 F.2d at 515.

[43] *Jones*, 722 F.2d at 212.

[44] *In re Galiardi*, 745 F.2d at 336–37.

[45] *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (en banc) (citation and internal quotation marks omitted).

[46] *Griffin*, 782 F.2d at 1397.

[47] *See id.* ("Why else do people seek alterations of judgments?").

even where doing so materially changes the parties' positions and leaves one party to the judgment in a less advantageous position.

A pair of cases highlights the distinction between a correction to a judgment that is authorized by Rule 60(a) even though it has significant consequences for the parties and a correction the Rule does not authorize because it impermissibly affects the parties' substantial rights. In *Rutherford v. Harris County* a jury had awarded damages to an employment-discrimination plaintiff, and the parties had stipulated that the district court would decide the question of back pay.[48] The court made findings of fact and conclusions of law and then entered a judgment that reflected only the damages awarded by the jury. The district court later invoked Rule 60(a) and amended both the judgment and the findings and conclusions to include back pay and prejudgment interest.[49] We reversed. Because the original findings and conclusions did not include a finding that the plaintiff was entitled to back pay or prejudgment interest, the failure to include those awards in the original judgment was an "error in substantive judgment that is outside the reach of Rule 60(a)."[50]

By contrast, in *Chavez v. Balesh*, the district court's findings and conclusions stated that the plaintiff was entitled to $2,000 of liquidated damages, but the final judgment omitted liquidated damages.[51] Because the final judgment recited that it was entered "in accordance with" the findings and conclusions, we concluded that correcting the judgment to include the $2,000 in liquidated damages would not require any new substantive judgment and thus

---

[48] 197 F.3d at 178.

[49] *Id.*

[50] *Id.* at 190.

[51] 704 F.2d at 775.

No. 10-50328

was permissible under Rule 60(a).[52]  The district court had already determined that the plaintiff was entitled to liquidated damages; the correction merely performed the clerical task of conforming the judgment to what the court had actually decided when making its findings.[53]

In this case, changing the judgment to reflect that the case was dismissed with prejudice did not affect Rivera's substantive rights in a manner prohibited by Rule 60(a).  The correction did not require the district court to resolve an issue of substantive law it had not previously reached.  Nor did the court modify its resolution of any of the issues it had reached.  Just as the court's findings and conclusions in *Chavez* evinced a clear intention to award liquidated damages, the court's order accepting the magistrate judge's recommendation evinced a clear intention to grant PNS's motion for summary judgment.  Summary judgment is an adjudication on the merits, and a dismissal following an adjudication on the merits is, by definition, a dismissal with prejudice.[54]  Thus, the district court broke no new decisional ground by correcting the judgment to state that the case was dismissed with prejudice.  Rivera's loss of the substantive right to refile her claims was a *fait accompli* from the moment the district court entered the order granting PNS's motion for summary judgment.  The correction simply caused the judgment to accurately memorialize what the court had previously decided.

In her brief, Rivera argued that the change to the judgment improperly affected her substantive rights because it expanded the scope of the original adjudication.  According to Rivera, her original petition included three claims,

---

[52] *Id.* at 776–77.

[53] *See also Dura-Wood*, 694 F.2d at 113–14 (upholding an amendment of the judgment under Rule 60(a) that increased the size of an attorneys'-fees award where the parties had stipulated to the size of the fee award and the court's findings of fact stated that the court was awarding attorneys' fees "as stipulated by the parties").

[54] *See supra* notes 16, 18, & 37–38 and cases cited therein.

16

and two of them (negligent training and negligent supervision) remained alive even after the district court granted PNS's motion for summary judgment because the motion only attacked her premises-liability claim. On this theory, the district court's entry of the corrected judgment expanded the substantive scope of its previous adjudication by granting summary judgment on two claims that had previously been left standing. The record belies this theory. The district court's correction did nothing more than correct a single word in the judgment. The scope and reasoning of the order granting PNS's motion were unchanged. Rivera does not even attempt to explain how changing "without" to "with" could expand the court's prior decision to encompass two previously undecided claims. What's more, Rivera conceded at oral argument that those two claims did not remain pending because the district court's entry of a final judgment had extinguished all three claims and disposed of the entire case. In light of this concession, Rivera's theory reduces down to the argument that the district court erred in January of 2000 by granting summary judgment on two claims that PNS's motion did not attack. We do not have jurisdiction to consider this argument.[55]

At oral argument, Rivera took a slightly different tack. After conceding that the 2000 judgment had the effect of disposing of all three of her claims, she contended that because the premises-liability claim was the only claim attacked in the motion for summary judgment, it was the only claim the district court intended to dismiss with prejudice. This theory acknowledges that the premises-

---

[55] A district court's entry of a corrected judgment under Rule 60(a) is itself an appealable order, but the scope of the appeal is limited to the court's "disposition of the Rule 60(a) motion and [does] not bring up for review the underlying judgment." 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2871 (2d ed. Westlaw current through the 2011 update); *accord Danning v. Graco Enters., Ltd.* (*In re Cobb*), 750 F.2d 477, 479 (5th Cir. 1985) ("'The time for appeal from the underlying judgment . . . dates from the original rendition of judgment in the Rule 60(a) context . . . .'" (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977))).

liability claim was dismissed with prejudice and thus posits that the "without prejudice" designation was only intended to apply to the dismissals of the negligent-training and negligent-supervision claims.  The result is that the corrected judgment's clarification that all three claims had been dismissed with prejudice was a substantive modification to the court's prior adjudication.  This theory cannot be squared with the language of the judgment.  The pertinent portion of the judgment reads, "the Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED without prejudice."  Nothing in this recitation lends any support to the notion that the district court intended to dismiss one claim with prejudice and two claims without prejudice.  To the contrary: the judgment dismisses the "case" as a single, unitary entity.  To accept Rivera's argument, we would have to interpret the above-quoted language to mean, "The defendant's motion for summary judgment is granted as to the premises-liability claim only, and that claim is dismissed with prejudice.  The remaining claims are sua sponte dismissed without prejudice."  This interpretation strains the text past its breaking point.

Finally, Rivera asks us to apply the doctrine of equitable estoppel to prevent PNS from obtaining relief under Rule 60(a).  But a party seeking to invoke equitable estoppel must show that it detrimentally relied on a representation that was made by the party to be estopped.[56]  Rivera has not identified any such representation made by PNS.  We have never previously applied the doctrine of equitable estoppel in the Rule 60(a) context, and we decline to do so for the first time here.

## III.

The district court corrected a mistake in its judgment that was clerical in nature, not substantive.  The correction was consistent with the court's intent

---

[56] *Rogers v. City of San Antonio*, 392 F.3d 758, 773 (5th Cir. 2004).

No. 10-50328

at the time it entered the original judgment.  And the correction did not expand or modify the court's prior adjudication in a manner that affected the parties' substantive rights.  As a result, we hold that the district court acted within the scope of the authority conferred by Rule 60(a) when it corrected the judgment to reflect that Rivera's claims had been dismissed with prejudice.

AFFIRMED.