# United States Court of Appeals for the Federal Circuit

---

**IN RE: AFFINITY LABS OF TEXAS, LLC,**
*Appellant*

---

2016-1173

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,266.

---

Decided: May 5, 2017

---

WILLIAM MANSKE, Robins Kaplan LLP, Minneapolis, MN, argued for appellant. Also represented by RYAN MICHAEL SCHULTZ.

ROBERT MCBRIDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor Michelle K. Lee. Also represented by THOMAS W. KRAUSE, JOSEPH MATAL, SCOTT WEIDENFELLER.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

CHEN, *Circuit Judge.*

This appeal arises from the *inter partes* reexamination of all claims, claims 1–42, of U.S. Patent No. 7,440,772 (the '772 patent), owned by Affinity Labs of

Texas, LLC (Affinity). Apple Inc. (Apple) requested the present reexamination after Affinity brought an action against it in district court, asserting infringement of claims 1, 4, and 11–13 of the '772 patent. While the reexamination was pending, the parties settled their dispute and filed a joint stipulation of dismissal with the district court. Affinity's infringement action was dismissed with prejudice and Apple's invalidity counterclaims were dismissed without prejudice. Apple also filed a notice of non-participation in the reexamination. Affinity petitioned the United States Patent and Trademark Office (PTO) to terminate the patent reexamination that had been requested by Apple in view of the dismissal of Apple's district court counterclaims pursuant to pre-America Invents Act (AIA) 35 U.S.C. § 317(b).[1] That statutory section prohibits the PTO from maintaining an *inter partes* reexamination after the party who requested the reexamination has received a final decision against it in a civil action concluding "that the party has not sustained its burden of proving the invalidity of any patent claim in suit."[2] The PTO dismissed Affinity's termination

---

[1] When Congress enacted the AIA, it replaced the extant statutory provisions for *inter partes* reexamination with provisions for a new type of proceeding, *inter partes* review. In doing so, Congress amended the provisions of 35 U.S.C. § 317 to apply only to *inter partes* review proceedings, which, by definition, are filed post-AIA. Congress also specified that the pre-AIA provisions of the *inter partes* reexamination statute remain applicable to *inter partes* reexamination proceedings.

[2] As we explain in *In re Affinity Labs of Tex., LLC*, Appeal Nos. 2016-1092, -1172, also decided today, the scope of section 317(b)'s estoppel as it applies to maintaining a pending *inter partes* reexamination focuses on a comparison of the claims litigated with the claims in the reexamination, rather than a patent-based approach.

request because it did not view the district court's dismissal, without prejudice, of Apple's invalidity counterclaims as meeting section 317(b)'s required condition for terminating the reexamination. The Examiner ultimately rejected all of the patent's claims,[3] and Affinity appealed to the Patent Trial and Appeal Board (Board), which upheld the Examiner's rejection.

Affinity now appeals the Board's decision. The Director of the United States Patent and Trademark Office (Director) has intervened. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) to review the Board's decision. Affinity argues that the PTO improperly maintained the reexamination in view of § 317(b) and, on that basis, the Board's decision upholding the rejection of the '772 patent's claims should be reversed. Affinity also argues that the Board's finding that all claims are unpatentable is based on an improper claim construction of three related limitations, the so-called dual download feature.

Because we conclude the estoppel provision of § 317(b) did not prohibit the PTO from maintaining the reexamination of the '772 patent's claims and the Board's construction of the dual download feature is consistent with the broadest reasonable interpretation, we *affirm* the Board's decision.

DISCUSSION

I.     35 U.S.C. § 317(b)

We first address Affinity's argument that the reexamination was improperly maintained over the estoppel provision of pre-AIA 35 U.S.C. § 317(b).

---

[3]    Affinity canceled claim 1 during the reexamination and the Board rejected all remaining claims, claims 2–42.

Pursuant to the joint stipulation filed by Affinity and Apple in the concurrent district court litigation, the district court dismissed Apple's invalidity counterclaims without prejudice. The estoppel provision of section 317(b), however, is expressly conditioned upon the entry of a "final decision" "that the party has not sustained its burden of proving the invalidity of any patent claim in suit." Because Affinity presents no evidence of a final decision that Apple has not sustained its burden of proving invalidity, we reject its argument based on section 317(b).

Under the plain language of section 317(b), the district court's dismissal without prejudice of Apple's invalidity counterclaims does not reflect a "final decision" that Apple failed to "sustain[] its burden of proving the invalidity" of the asserted claims. The dismissal *without prejudice* of Apple's claims neither reflects an assessment by the district court of Apple's invalidity challenge nor a concession by Apple that it did not or could not meet its burden of proving the asserted claims' invalidity. Nor does the dismissal without prejudice prevent Apple from again challenging the validity of the '772 patent's claims in subsequent litigation. *See, e.g., Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1364 (Fed. Cir. 2000) ("Dismissal without prejudice indicates that judgment is not on the merits and will have no preclusive effect."); *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) ("'Without prejudice' indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties.") (citation omitted). The estoppel provision of pre-AIA section 317(b) therefore did not serve as a bar to maintain the *inter partes* reexamination of the '772 patent's claims.

## II.    The Dual Download Feature

We next address the Board's decision upholding the rejection of the '772 patent's claims as unpatentable.

The '772 patent relates to an audio download method whereby content (e.g., a music file) is made available for download to different devices (e.g., an mp3 player and a personal computer). '772 patent, Abstract; J.A. 2867. In particular, the '772 patent discloses a graphical user interface that allows a user to search for and select audio files and to also select multiple destination devices to which the selected audio files will be sent. *Id.* col. 10, ll. 30–50; J.A. 2882. According to Affinity, one of the key features of the '772 patent is the so-called dual download feature, whereby a user makes a single request to download content via the user interface of a first device and the selected content is downloaded to the first device in a format suitable to that device and also to a second device in a format suitable to that second device.

Independent claim 4, as amended during reexamination, is representative[4] of the '772 patent's claimed invention:

---

[4]     During the reexamination, both the Examiner and the Board treated claim 4 as representative of all challenged claims. Affinity raised no objection to that choice and on appeal to the Board argued patentability only in the context of claim 4. Based on this record, we likewise treat claim 4 as representative of all challenged claims. *See* 37 C.F.R. § 41.37(c)(1)(iv) (2012) ("For each ground of rejection applying to two or more claims, the claims may be argued . . . as a group (all claims subject to the ground of rejection stand or fall together) . . . ."); *In re McDaniel*, 293 F.3d 1379, 1383 (Fed. Cir. 2002) (noting "the Board is free to select a single claim from each group of claims subject to a common ground of rejection as representative of all claims in that group and to decide the appeal of that rejection based solely on the selected representative claim" in the absence of a clear statement asserting separate patentability of the claims).

4. A content delivery method comprising:

maintaining a user interface page that is accessible to a wireless user device that has a player configured to execute a specific format of content file, the user interface page configured to present a user with a first graphical element associated with a piece of selectable content;

recognizing receipt of a request for the piece of selectable content from the wireless user device;

in response to receiving the request, making a first version of the piece of selectable content available for downloading to the wireless user device and a second version of the piece of selectable content available for downloading to a personal computer of the user, wherein the first version has the specific format and the second version has a different format playable by the personal computer;

sending the first version of the piece of selectable content to the wireless user device; and

sending the second version of the piece of selectable content to the personal computer.

'722 patent, claim 4 as amended; J.A. 19.

The parties agree that the dual download feature is embodied in the last three claim elements of claim 4, beginning with "in response to receiving the request." Central to the parties' dispute, however, is whether the "in response to" language modifies only the immediately following "making . . . available" step or also modifies (and

thus triggers) the two following "sending" steps. During reexamination, the Examiner found that "[t]he claim merely requires that the selectable content be 'made available' to both devices in response to the request, but it does not require that the content can be sent to both devices in response to the request." J.A. 2213. In other words, the Examiner explained, "the two claimed 'sending' steps are not specified as being 'in response to receiving the request.'" *Id.* The Board explicitly adopted the Examiner's construction and found that "one of the downloads may be made following a subsequent request." J.A. 7. So construed, the Board concluded that all claims are unpatentable as obvious over the asserted prior art.

Affinity argues that the steps of "sending" the desired content to two different devices must automatically occur, without any intervening step, "in response to receiving the request" for that content. According to Affinity, support for this connected functionality is supported by the specification, which states:

> [A] user may select a plurality of devices as destination devices for receiving downloads of the selected audio information. For example, the user may want to download the information to a home stereo system, a PDA device, and an automobile stereo. As such, the selected information may be communicated to more than one destination device. In addition, the format of the download may match or conform to the selected destination device(s).

'772 patent col. 16, ll. 4–11; J.A. 2885. When read in view of the claim's overall structure and the specification, Affinity argues, the "making . . . available" and "sending" steps are necessarily tied together and must be performed following a single request.

During reexamination, the Board must construe claims giving them their broadest reasonable interpreta-

tion consistent with the specification. *In re Rambus, Inc.*, 753 F.3d 1253, 1255 (Fed. Cir. 2014). We review the Board's ultimate construction de novo and any underlying factual determinations for substantial evidence. *Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1297 (Fed. Cir. 2015). When findings of fact extrinsic to the patent are not at issue, as here, we review de novo the Board's determination of the broadest reasonable interpretation of the claims. *See Cuozzo Speed Techs., LLC v. Lee*, ——U.S. ——, 136 S. Ct. 2131, 2142 (2016); *Ruckus Wireless, Inc. v. Innovative Wireless Sols., LLC*, 824 F.3d 999, 1002 (Fed. Cir. 2016).

We have considered Affinity's argument and disagree with its narrow interpretation of the dual download feature. The plain language of claim 4 does not require the selected content to be sent to the two devices in response to the same request found in the preceding "making . . . available" step. We note that each of the five steps of method claim 4—including the three steps of the so-called dual download feature—are offset by semicolons. This punctuation choice strongly indicates that each step is separate and distinct. It would, therefore, be reasonable to conclude the fourth and fifth steps—the sending steps—are not tied to the "making . . . available" step and not performed "in response to" the same request found in the "making . . . available" step, as Affinity suggests.

Moreover, claim 4 uses the transition "comprising," indicating that the claimed method is open-ended and allows for additional steps. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 811 (Fed. Cir. 1999) (noting that the word "comprising" is "generally understood to signify that the claims do not exclude the presence in the accused apparatus or method of factors in addition to those explicitly recited"). This language choice signals that the breadth of claim 4 allows for additional steps interleaved between the recited steps. Therefore, it was reasonable for the Board to conclude that claim 4

does not prohibit additional, intervening steps, between the "making . . . available" step and the "sending" steps— such as an additional request to send the requested content to a specific device.

In addition, we disagree with Affinity that the specification supports only its understanding of the claim. The passage on which Affinity relies refers to "selecting" destination devices for possible downloads and provides only that, in one contemplated embodiment, the requested information "*may be* communicated to more than one destination device." '772 patent col. 16, ll. 8–9 (emphasis added). Moreover, the passage concludes that the format of the download "may match or conform to the selected destination device(s)." *Id.* col. 16, ll. 9–11. This passage is indeed consistent with the notion that the selected content may be downloaded to multiple destination devices in the format appropriate to each device. However, it is hardly a command that the requested content must be simultaneously and automatically downloaded to all selected destination devices based on a single request, without any subsequent action by the user. The specification elsewhere in fact contemplates embodiments to the contrary: "In another embodiment, homepage 401 may allow a user to select when to download the information to an electronic device." *Id.* col. 11, ll. 25–27. Thus, the specification also supports the reasonableness of the Board's construction.

We conclude that the Board's claim construction is correct, particularly under the broadest reasonable interpretation rule. Affinity concedes that if this court affirms the Board's claim construction, the challenged claims would be unpatentable based on the grounds asserted in the reexamination. *See* Oral Arg. at 9:50–10:45, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 16-1173.mp3. We therefore affirm the Board's decision that all claims of the '772 patent are unpatentable.

CONCLUSION

For the foregoing reasons, the Board's decision is

**AFFIRMED**

COSTS

No costs.