# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

PHILLIP DAVID HASKETT,

Plaintiff-Appellant

v.

CAPITAL LAND SERVICES, INCORPORATED, also known as CLS Group;
JASON WALKER; MATT TIPTON; UNKNOWN EMPLOYEES OF CLS
GROUP NUMBER 1 - NUMBER 9; UNKNOWN CLIENTS OF CLS GROUP
NUMBER 1 - NUMBER 9,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-279

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Phillip David Haskett appeals the denial of his Federal Rule of Civil
Procedure 60 motion. We affirmed the district court's summary judgment
dismissal of his complaint in a prior appeal. *Haskett v. Capital Land Servs.,
Inc.*, 671 F. App'x 237, 237 (5th Cir. 2016). We held, inter alia, that Haskett

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

waived review of whether the district court erred in granting summary judgment without further notice by failing to raise this claim of error in the district court. *Id.* Following our affirmance, Haskett filed the instant Rule 60 motion.

In the district court, Haskett argued that he should be relieved from the dismissal on the merits of his age discrimination claim because the district court induced his failure to contest this issue when it denied his discovery motion and ordered him to address the timeliness of this claim. The relief sought by Haskett was outside the scope of Rule 60(a). *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011).

Rule 60(b)(1), Federal Rule of Civil Procedure, instructs that the district court may provide relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A reasonable construction of the district court's order was that Haskett could reurge his discovery motion, which would presumably assist him in opposing a dismissal on the merits of his age discrimination claim, after the district court resolved the timeliness of this claim. Before the district court did so, the defendants stipulated that the claim was timely. At this point in time, it should have been apparent to Haskett that he should inquire about the status of this claim or reurge his motion for discovery. Haskett, however, did nothing. Approximately nine months later, the district court granted the defendants' motion for summary judgment. We conclude that the district court did not abuse its discretion in denying Haskett Rule 60(b)(1) relief in these circumstances. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 352, 356-57 (5th Cir. 1993).

Given our conclusion, we need not address the defendants' alternative argument that our prior affirmance precluded the district court from altering

the judgment.  *See Becker v. Tidewater, Inc.*, 586 F.3d 358, 368 n.8 (5th Cir. 2009).  Additionally, we decline to sanction Haskett for pursuing the instant appeal, as urged by the defendants, because we conclude that Haskett's appeal "involves legal points arguable on their merits" and is therefore not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.