# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50019
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

Francisco Serna; Ajhalei Snoddy,

*Plaintiffs—Appellants*,

*versus*

City of Colorado Springs; Federal Highway Agency; State of Colorado; Jared Polis, *Governor, City of Colorado Springs*; El Paso County Local Agency; El Paso County Board Members; Colorado Department of Transportation; City of Colorado Springs Council Members; John Suthers, *Mayor, City of Colorado Springs*; El Paso County,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-939

———————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50019

Francisco Serna and Ajhalei Snoddy (the Plaintiffs) filed a complaint arising from the taking of their property. The district court dismissed the complaint without prejudice for lack of jurisdiction. Nearly a year later, the Plaintiffs filed a Federal Rule of Civil Procedure 60 motion, which the court denied as untimely and meritless. They now appeal the district court's denial of relief pursuant to Rule 60(a) and (b)(1).

We review the denial of motions under Rule 60(a) and (b) for an abuse of discretion. *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Under this standard, "[i]t is not enough" for the Plaintiffs to show "that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion." *Id.* However, "the determination of whether it is Rule 60(a) that authorizes the correction—as opposed to . . . Rule 60(b)—is a question of law that we review de novo." *Rivera*, 647 F.3d at 193.

Contrary to the Plaintiffs' assertion, their motion did not allege a clerical error that was correctible under Rule 60(a). *See id.* at 195-96. Moreover, even if we were to assume that the Plaintiffs have not abandoned, by failing to raise in their initial brief, any challenge to the district court's finding that the motion was not filed within a reasonable time, we are unpersuaded by the timeliness argument presented in their reply brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Although they contend that they did not discover the legal basis for their motion until June 2023, they do not explain why they waited until late August 2023 to file their motion. Under these circumstances, the Plaintiffs have failed to show that the district court's decision to deny the motion as untimely was "so unwarranted as to constitute an abuse of discretion." *Seven Elves*, 635 F.2d at 402 (emphasis omitted). Because we may affirm the denial of the Rule 60(b)(1) motion based on its

2

No. 24-50019

untimeliness alone, we need not and do not address the merits of the motion. *See* FED. R. CIV. P. 60(c)(1).

AFFIRMED.