[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10025
Non-Argument Calendar

_____

D.C. Docket No. 85-03361-CV-UUB

HERBERT C. OAKES,
Judgment Creditor,
BETTY O. MUKA,
Assignee of Judgment,

Plaintiffs-Appellants,

versus

HORIZON FINANCIAL, S.A.,
Horizon Financial Corporation,
MICHAEL D. HACKNEY, Michael D. Hackney,
as President and/or agent of Horizon
Financial Corporation and as a private
individual,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(July 31, 2001)**

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Herbert C. Oakes and Betty O. Muka ("Oakes") appeal the district court's denial of their pro se motion for relief from a 1986 judgment pursuant to Fed.R.Civ.P. 60(b). On appeal, Oakes and Muka argue that the district court erred by denying the Rule 60(b)(4) motion because the district court's 1986 order vacating the registration of a foreign judgment was void as the court lacked subject matter jurisdiction. They contend that a judicial action was never commenced because a complaint was never filed, and, therefore, there was no pleading properly before the court on which to rule. We disagree and affirm.

This case arises from the denial of Oakes' Fed.R.Civ.P. 60(b) motion to vacate a twelve-year-old order. The following are the facts leading up to the Rule 60(b) motion. In a federal district court in Texas, Oakes had obtained a money judgment against Horizon Financial Corporation and its President, Michael D. Hackney. In 1985, Oakes registered that judgment under 28 U.S.C. § 1963 with the federal district court in Florida by filing a certificate from the Texas district court verifying that the judgment was final. The Florida district court issued writs of garnishment under which Oakes could enforce the judgment.

2

The defendants moved the federal district court in Florida to vacate the registration of the judgment, quash the writs, and stay any further enforcement of the judgment, arguing that the judgment was not final because, at the time of the certification, they had a pending motion for a new trial in the Texas district court and a notice of appeal in the Fifth U.S. Circuit Court of Appeals. In 1986, the federal district court in Florida granted the defendants' motion to vacate the registration, quash the writs, and stay enforcement of the judgment, based on the Texas court having quashed the registration certificate. There was no appeal.

Twelve years later, in 1998, Oakes filed the current Rule 60(b) motion in a federal district court in Florida, requesting the court to vacate its previous 1986 order that granted the defendants' motion to vacate the registration and quash the writs of garnishment. Oakes argued, among other things, that the Texas court order quashing the certificate and the Florida court order vacating the registration were void because they were based on the defendants filing an untimely motion for a new trial and notice of appeal.

The defendants opposed the motion, arguing, among other things, that Oakes was bringing this motion 12 years after the order was issued. Oakes replied by conceding that the motion for a new trial and notice of appeal were not untimely, and withdrew those arguments. Oakes still maintained, however, that the federal

3

district court in Florida acted without jurisdiction by imposing a stay on enforcing the judgment. Oakes contended that the judgment was thus void as "fraudulent" and "jurisdictionless" under either Rule 60(b)(4), (5), or (6), which allow a reasonable time limit.

The federal district court in Florida did not address arguments individually, but dismissed Oakes' Rule 60(b) motion, finding that under no interpretation of the law could twelve years between the issuance of the original order and the Rule 60(b) motion be a reasonable time within which to bring the motion. The district court summarily denied Oakes' motion for reconsideration. Oakes appealed.

Because a jurisdictional defect may be challenged at any time, this Court reversed and remanded to the district court to rule on Oakes' Rule 60(b)(4) claim. On remand, the district court again denied Oakes' Rule 60(b)(4) motion, finding that where a foreign judgment has been registered in violation of 28 U.S.C. § 1963, the district court where the judgment is registered has subject matter jurisdiction to annul or vacate it. Thus, the court concluded that Oakes failed to demonstrate entitlement to relief under Rule 60(b) as the district court had subject matter jurisdiction in 1986 to vacate the registration of the judgment. This appeal followed.

On November 30, 2000, the district court entered an Omnibus Order on Remand[1] which recounts the history of this matter and the legal issue surrounding jurisdiction. We adopt the discussion labeled Legal Analysis and agree with the Sixth Circuit's holding and conclusions as expressed in <u>Ohio Hoist Manuf. Co. v. Li Rocchi</u>, 490 F.2d 105 (6th Cir. 1974). A substantial federal question is presented, and thus federal jurisdiction exists, where a foreign judgment has been registered in violation of 28 U.S.C. § 1963.

AFFIRMED.

---

[1]A copy is attached as an appendix.