[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2009
THOMAS K. KAHN
CLERK

No. 09-12014
Non-Argument Calendar

_____

D. C. Docket No. 05-00816-CV-CAM-1

MICHAEL ANTHONY DIXON,

Petitioner-Appellant,

versus

MADDOX KILGORE,
COBB COUNTY GOVERNMENT,
PAMELA M. SMITH,
COBB COUNTY JUDICIAL CIRCUIT,
REID G. KENNEDY,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 1, 2009)

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Anthony Dixon, a *pro se* state prisoner, pled guilty to multiple state charges on April 17, 2002.  He challenged the voluntariness of his plea in state court proceedings without success, specifically asserting that, when he pled guilty, the state trial court failed to inquire into whether drugs and alcohol affected the voluntariness of his plea.  In 2004, he filed a civil rights action in federal court against certain officials and entities connected to the state habeas proceeding, alleging that they falsified a transcript of his guilty plea hearing in violation of 42 U.S.C. § 1983.  The district court dismissed the latter action *sua sponte* in April 2005, and we dismissed an appeal from that decision upon Dixon's own motion shortly thereafter.

Recently, on February 2, 2009, almost four years later, Dixon filed two motions related to the § 1983 action: (1) a motion for leave to amend the complaint and (2) a motion to set aside judgment under Federal Rule of Civil Procedure 60(b).  The district court, however, denied both motions, finding, *inter alia*, that (1) delay of more than one year to seek post-judgment relief was fatal under Rule 60(b)(1), (b)(2), or (b)(3); (2) failure to allege facts showing that the judgment was void precluded relief under Rule 60(b)(4); and (3) Dixon did not argue a basis to

2

obtain relief under Rule 60(b)(5) or (b)(6).

Liberally construing Dixon's *pro se* brief, he now streamlines his arguments and asserts on appeal that he alleged sufficient claims for relief under Rule 60(b)(3), (b)(4), and (b)(6). He argues that the defendants engaged in misconduct and fraud when they conspired to alter the guilty plea hearing transcript. As a result, Dixon claims that he is entitled to have his 2002 convictions, the 2005 dismissal of his § 1983 complaint, and the present order denying relief from judgment declared "legal nullities" because, in each instance, the district court lacked the power to render a verdict. Dixon asserts that he submitted an original transcript showing that his 2002 conviction was without due process of law, and he contends that the defendants' misconduct showed an intent to deceive the state habeas court by using an altered document. Thus, Dixon argues, the district court abused its discretion by finding that he produced no evidence that the defendants defrauded the state habeas court. Dixon also contends that the district court's determination of facts was wrong because he timely objected to the admission of the defendants' erroneous evidence. Lastly, Dixon contends that he demonstrated a compelling claim that warrants relief because he has shown fraud on the court.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

However, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.) (per curiam) (citation omitted), *cert. denied*, 129 S. Ct. 74 (2008). Furthermore, "[a]rguments raised for the first time on appeal are not properly before [us]." *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1304 (11th Cir. 2007) (citation omitted).

As an initial matter, because Dixon does not address the denial of his motion to amend his complaint, he has abandoned that issue. Furthermore, Dixon did not present any argument in support of relief from judgment based on Rule 60(b)(3) or (b)(6) before the district court, and therefore, he may not now assert that as a ground for relief for the first time on appeal. Regardless, as to Rule 60(b)(3), Dixon does not argue that the district court's untimeliness finding was erroneous.

With respect to the issue that Dixon properly raised below and preserved on appeal, "[we] typically review[] a district court's ruling upon a Rule 60(b) motion for abuse of discretion." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) "However, unlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Id.*

4

(quotation marks and citation omitted). "Therefore, we review *de novo* . . . a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." *Id.* (quotations marks and citation omitted).

A court may relieve a party from a final judgment or order based on a finding that the judgment is void. FED. R. CIV. P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (quotation marks and citation omitted). "A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." *Id.*

However, a judgment is not void because of an error of law. *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers*, 460 F.2d 105, 108 (5th Cir. 1972).[1] Similarly, "a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam). Finally, "a Rule 60(b) motion cannot substitute for an appeal." *Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987).

---

[1] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the newly-formed Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Upon review of the record and Dixon's brief, we affirm. To the extent Dixon sought to appeal the adverse determination of his § 1983 action, the denial of his motion was appropriate because a Rule 60(b) motion cannot serve as a substitute for an appeal. Furthermore, the district court did not err by denying relief because the judgment in Dixon's original action was not void. The district court had jurisdiction over the post-judgment motion, just as it did over the original § 1983 suit,[2] there is no indication of any insufficiency in service, and the district court did not act in a manner inconsistent with due process.

**AFFIRMED.**

---

[2] A district court has jurisdiction over a § 1983 action. *See* 28 U.S.C. §§ 1331, 1343; *Tindal v. Montgomery County Comm'n*, 32 F.3d 1535, 1538 n.4 (11th Cir. 1994).

6