[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11562
Non-Argument Calendar

_____

D.C. Docket No. 1:02-cv-22592-FAM

NORMAN CAISON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 14, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Norman Caison, a Florida prisoner proceeding *pro se*, appeals the dismissal of his motion under Rule 60(b), Fed. R. Civ. P., for relief from the final judgment entered against him on his 28 U.S.C. § 2254 habeas corpus petition.  The district court initially dismissed Caison's § 2254 petition in December 2002 based on its finding that the petition was time-barred because Caison did not file it within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations.  We affirmed that ruling on appeal in January 2004.  More than fourteen years later, in March 2018, Caison filed the instant Rule 60(b) motion to reopen the § 2254 proceeding, challenging the district court's ruling that his petition was untimely.  The court denied the Rule 60(b) motion "for lack of jurisdiction," and Caison now appeals.  We conclude that the court had jurisdiction to rule on the motion but that Caison has offered no grounds to set aside the judgment.

## I.

After a jury trial in 1995, Caison was convicted of first-degree murder, four counts of attempted second-degree murder, and unlawful possession of a firearm during the commission of a felony.  He was sentenced to life imprisonment plus additional terms of years.  The Florida appellate court affirmed the judgment, and the mandate issued in July 1997.

In February 1998, Caison filed a motion for post-conviction relief in state court.  A docket report from Caison's criminal case—submitted by the state in

2

response to Caison's § 2254 petition—indicates that he moved to withdraw his post-conviction motion without prejudice in April 1998. That motion was granted several days later, according to a handwritten state-court minutes sheet. (In its response to Caison's § 2254 petition, the state represented that it could not locate a copy of Caison's motion to withdraw or the order granting it.) Nothing further appears to have happened until June 1999, when Caison filed another motion for post-conviction relief. The state court held an evidentiary hearing and then denied the motion in February 2001, and the state appellate court affirmed the denial in May 2002. The mandate issued in June 2002.

Caison filed his 28 U.S.C. § 2254 petition in September 2002, and the parties addressed the issue of whether his petition was timely under AEDPA. Caison maintained that his petition was timely because he was entitled to statutory tolling from February 1998 until May 2002, claiming that his motions for post-conviction relief were pending throughout this time. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The state argued that his petition was untimely in light of the gap between the April 1998 withdrawal of his first motion and the June 1999 filing of his second motion.

A magistrate judge issued a report and recommendation ("R&R"), which recommended that the district court dismiss Caison's § 2254 petition as time barred. The magistrate judge agreed with the state that Caison was not entitled to tolling for the nine-month period between the withdrawal of his first post-conviction motion in April 1998 and the filing of his second post-conviction motion in June 1999. As a result, the magistrate judge found, at least thirteen months of untolled time had passed from the beginning of the limitations period to the filing of the § 2254 petition. The magistrate judge directed Caison to file objections within 10 days, and the docket sheet reflects that Caison had until November 25, 2002, to file objections. On that date, Caison filed a motion for an extension of 45 days to file his objections. He did not offer a reason for the extension, though he noted that he was "pending a transfer to another institution."

On December 16, 2002, the district court adopted the magistrate judge's recommendation, dismissed the § 2254 petition as untimely, and dismissed Caison's pending motion for extension as moot.

Caison appealed, and we affirmed. We rejected Caison's argument that he was entitled to tolling from February 1998, when he filed the first post-conviction motion, until May 2002, when the state appellate court affirmed the denial of the second post-conviction motion, which Caison called an "amendment" to the original motion. We stated that the "record demonstrates that more than one year of untolled

4

time passed between the date on which Caison's conviction became final and the date when he filed his § 2254 petition." Our mandate issued in April 2004.

In March 2018, Caison filed a motion under Rule 60(b)(6), Fed. R. Civ. P., seeking a "Reinstatement of Time to File Objections to Magistrate Report." Caison argued that the magistrate judge's recommendation to dismiss his § 2254 petition as time barred was based on "fabricated" evidence showing that the state court had granted his motion to withdraw the February 1998 post-conviction motion without prejudice in April 1998. Caison asserted that he had not received copies of these exhibits and noted that the state could not produce copies of the motion or order.

The district court denied the Rule 60(b) motion "for lack of jurisdiction," without further elaboration. It later denied Caison a certificate of appealability ("COA"). Caison appealed and asked this Court to grant him a COA and leave to appeal *in forma pauperis* ("IFP"). *See Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) (stating that a COA ordinarily is required to appeal the denial of a Rule 60(b) motion in a § 2254 proceeding). A judge of this Court determined that no COA was necessary because the district court appeared to have dismissed the Rule 60(b) motion for lack of jurisdiction as an unauthorized successive petition. *See Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (no COA is required to appeal the dismissal for lack of jurisdiction of an unauthorized successive habeas petition). The judge then granted Caison leave to proceed IFP.

5

On appeal, Caison argues that district court erred in concluding that it lacked jurisdiction to rule on his Rule 60(b) motion. As to the merits of that motion, he contends that the judgment dismissing his habeas petition violated his constitutional right to due process and was void because the district court relied on documents to which he had no access or an opportunity to object. He further denies knowledge of a motion to withdraw his original state post-conviction motion in April 1998, and he asserts that his attorney did not have authority to file such a motion.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). We review questions concerning jurisdiction *de novo*. *Williams*, 510 F.3d at 1293.

Before the district court, Caison requested relief under Rule 60(b)(6) from the district court's 2002 judgment dismissing his § 2254 petition as untimely. On appeal, however, he focuses on Rule 60(b)(4), contending that his motion, liberally construed, was brought under that provision. We assume without deciding that Caison is correct on that point.

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736

(11th Cir. 2014); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Rule 60(b)(6) is a catchall provision that permits reopening of a judgment when the movant shows "any . . . reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). "Relief from judgment under Rule 60(b)(6) . . . requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted).

The district court ruled without explanation that it lacked jurisdiction over Caison's Rule 60(b) motion. As best as we can tell, it appears that the court concluded that the motion was an impermissible successive habeas petition. In habeas cases, Rule 60(b) motions cannot be used either to raise new grounds for substantive relief or to attack the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 529–32 (2005). In either scenario, the motion is treated as an impermissible successive habeas petition, over which the district court lacks jurisdiction. *Id.* at 531–32; *Williams*, 510 F.3d at 1294 ("When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA."); *see* 28 U.S.C. § 2244.

Rule 60(b) motions, however, may properly be used to allege "defect[s] in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. For

7

instance, there is no bar to filing a Rule 60(b) motion that "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

Here, Caison's Rule 60(b) motion was not an improper successive habeas petition.  Because the motion challenged a nonmerits aspect of the federal habeas proceedings—that there was a defect in the court's statute-of-limitations ruling—the district court had jurisdiction to rule on the motion.  *See id.*  Accordingly, the court erred in dismissing the motion for lack of jurisdiction.

However, regardless of the ground stated in the district court's order, we may affirm on any ground supported by the record.[1]  *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).  And Caison is not entitled to relief on his motion under either Rule 60(b)(4) or Rule 60(b)(6).  The judgment is not void, and no "exceptional circumstances" warrant reopening.[2]

---

[1] Because, as we have discussed, we have jurisdiction over Caison's appeal notwithstanding the lack of a COA, *see Hubbard*, 379 F.3d at 1246–47, we may also consider alternative grounds for affirmance, even though no COA has issued as to those issues.  *See Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015) (holding that no COA is required for "the defense of a judgment on alternative grounds").

[2] According to Rule 60(c)(1), motions under either Rule 60(b)(4) or Rule 60(b)(6) must be filed within a "reasonable time."  However, we have held that no "reasonable time" limitation applies to motions under Rule 60(b)(4), at least when the motion is based on non-waivable jurisdictional defects.  *Compare Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1317 (11th Cir. 2001) ("[J]urisdictional defects may be challenged as any time."), *with Stansell*, 771 F.3d at 737 (noting that a reasonable-time limitation may apply to issues of personal jurisdiction, which are subject to

Caison claims that the 2002 judgment dismissing his § 2254 petition as untimely is void because the district court violated his constitutional right to due process by relying on exhibits to which he did not have access or an opportunity to object. But we disagree.

Caison was not denied due process in the underlying § 2254 proceeding. Specifically, he was not deprived of "notice or an opportunity to be heard." *Stansell*, 771 F.3d at 737. Even though Caison did not receive copies of the state's exhibits regarding the April 1998 motion to withdraw, he had notice of the magistrate judge's R&R and its description of the contents of the exhibits. With that information he could have objected on essentially the same grounds as he presented in the Rule 60(b) motion—that is, that he did not have access to these exhibits or knowledge of the motion to withdraw. But he did not file timely objections to the R&R. While he did file a request for an extension of time to file objections on the date objections were due, he did not identify a reason for the extension, and we cannot say it was a violation of due process for the court to implicitly deny that motion as part of its judgment. Moreover, Caison could have raised his procedural objections in his appeal to this Court, but either he failed to do so or we rejected his contentions in affirming the judgment dismissing his § 2254 petition as time barred.

---

waiver). Because we conclude that Caison is not entitled to relief even if his motion was timely, we do not address whether it was filed within a reasonable time.

9

Because the issues Caison raised in his Rule 60(b) motion could have been raised before the district court or on appeal, the judgment is not void based on a denial of due process. *See Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987) ("[A] Rule 60(b) motion cannot substitute for an appeal."); *Espinosa*, 559 U.S. at 272 (finding no due process violation where the party seeking relief under Rule 60(b)(4) could have objected to a procedural deprivation "and appealed from an adverse ruling on its objection"). Caison offers no reason to doubt the validity of the exhibits showing that the motion to withdraw was filed and granted, and to the extent the court committed error in the underlying § 2254 proceeding, "[i]t is well settled that a judgment is not void simply because it is or may have been erroneous." *Stansell*, 771 F.3d at 737 (quotation marks omitted). Nor does the record show any "exceptional circumstances" that would justify reopening under Rule 60(b)(6). *See Arthur*, 739 F.3d at 628.

Accordingly, Caison is not entitled to relief on his motion under Rule 60(b). While the district court should have denied the motion instead of dismissing it, this is a "distinction that makes no significant difference" in this case because reopening was not warranted. *Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003). We therefore "construe the district court's dismissal as a denial and affirm." *Id.*

**AFFIRMED.**