[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13907
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-60871-EGT

BRANDON THOMPSON,

Plaintiff - Appellant,

versus

TARGET CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Brandon Thompson appeals a district court's order denying his motion for relief under Federal Rule of Civil Procedure 60(b)(4), and seeking remand and fees under 28 U.S.C. § 1447(c). The order granted Defendant-Appellee Target Corporation's (Target) motion to enforce a settlement agreement entered into between the parties, which Thompson alleged his attorney was not authorized to enter on his behalf. Because we write for the parties, we assume familiarity with the facts and set out only those necessary for the resolution of this appeal.

In March of 2017, Thompson filed a one-count complaint in Florida state court against Target, after he was fired from his job as a Target cashier in January of 2017. He alleged that Target retaliated against him and violated the Florida Whistleblower Act (FWA), Fla. Stat. § 448.102, et. seq. Target removed the case to the United States District Court for the Southern District of Florida, and the parties participated in a settlement conference conducted by a magistrate judge. Target made several offers to settle the case. Eventually, Thompson's counsel left the settlement conference to discuss the final offer with Thompson and, since Thompson was a minor at the time, his parents. Thompson's counsel returned and accepted Target's offer. After the attorneys notified the magistrate judge of the agreement, an order was entered approving the settlement.

2

Not long after the settlement was finalized, Thompson claimed that he had not consented to the settlement. He fired his lawyer and retained new counsel. His new attorney filed a motion for dismissal without prejudice in accordance with Thompson's position that he never authorized the settlement. Target filed a motion to enforce the settlement. The district court held an evidentiary hearing to discern whether the settlement was enforceable. On December 23, 2017, the district court granted Target's motion to enforce the settlement agreement. Thompson claims he did not receive notice of this order until September 25, 2018, when the clerk's office emailed a copy of it to the parties. Thompson appealed this order on October 24, 2018, but we dismissed that appeal for failure to litigate. Six months later, on August 1, 2019, the district court closed the case. And about a year after that, on August 6, 2020, Thompson filed a motion asking the court to reopen the case so that it could remand the matter to state court under 28 U.S.C. § 1447(c) or otherwise set aside the order for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(4). The district court denied Thompson's motion, and he now appeals.

## I.

We review de novo a district court's denial of both a motion to remand and a motion for relief under Rule 60(b)(4). *Conn. State Dental Ass'n v. Anthem Health*

3

*Plans, Inc.*, 591 F.3d 1337,1343 (11th Cir. 2009) (motion for remand); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (Rule 60(b)(4) motion).

## II.

Federal courts are courts of limited jurisdiction—we can "hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to [us] by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation mark omitted). Congress has conferred federal courts with subject matter jurisdiction when (1) there is diversity of citizenship between parties to a suit and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If a plaintiff brings a case in state court that satisfies these diversity jurisdiction requirements, the defendant can remove that action "to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because subject matter jurisdiction is constitutional and statutory in nature, we can always consider if we lack jurisdiction even if no party raises the issue. *Amer. Tobacco Co.*, 168 F.3d at 410. And generally a party can challenge a court's subject matter jurisdiction "at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). When

4

a party does challenge a court's subject matter jurisdiction, however, it must comply with relevant statutes and the Federal Rules of Civil Procedure. Thompson contends that because the district court lacked subject matter jurisdiction in this case, we must either: (1) remand the case to state court under § 1447(c), or (2) find that the district court's enforcement order was void under Rule 60(b)(4). We address Thompson's arguments in turn.

To address the first argument, a district court should remand a case to state court under § 1447(c) if it lacks subject matter jurisdiction and "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, § 1447(c) applies only "before a final judgment" is entered. Under Federal Rule of Civil Procedure 58(c)(2)(B) a judgment is final when the court enters a judgment in a separate document in the civil docket or "150 days have run from the entry in the civil docket." Here, the district court entered a final judgment on May 21, 2018— 150 days after it granted Target's motion to enforce the settlement. Thompson did not file a motion for remand until August 6, 2020, nearly two years after the final judgment. And even assuming the judgment was tolled and not entered until 150 days after Thompson received notice of the enforcement order (February 22, 2019) or the court closed the case (December 29, 2019), Thompson's motion for remand was not timely. Because Thompson did not file a motion for remand before a final

judgment was entered in this case, § 1447(c) is not the proper avenue for challenging subject matter jurisdiction. We therefore reject Thompson's motion for remand and claim that he is entitled to fees under § 1447(c).

Moving to Thompson's second argument, under Rule 60(b)(4), a "court may relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void." When a court renders a judgment without subject matter jurisdiction, then that judgment is void under Rule 60(b)(4). *Oakes v. Horizon Fin. S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam). Rule 60(b) motions generally "must be made within a reasonable time." Fed. R. Civ. P. 60(c). But Rule 60(b)(4) motions that involve jurisdictional challenges are "not constrained by [this] reasonableness" requirement, because parties cannot waive subject matter jurisdiction. *Hertz Corp. v. Alamo, Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994).

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010); *see also Oakes*, 259 F.3d at 1319–20 ("[I]t is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4).").

Thompson argues that there was no diversity jurisdiction because the amount in controversy in this case could never have exceeded $75,000,[1] but he fails to demonstrate that the district court lacked even an "arguable basis" for jurisdiction. *See Espinosa*, 559 U.S. at 271. When Thompson brought his FWA claim he sought actual damages, compensatory damages, and attorney's fees. Thompson's estimated annual income at the time Target terminated him was $20,000 a year. This annual income could serve as a measure for Thompson's lost wages in the year proceeding his termination. *See* Fla. Stat. § 448.103(2)(d) (allowing parties suing under the FWA to recover "lost wages, benefits, and other remuneration"). In addition, Thompson sought numerous other damages including "medical benefits, [] other employment benefits," and "reasonable attorney's fees, expert fees, and costs." Thompson also asked for compensatory and consequential damages, which the FWA allows without limitation. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 913 (Fla. Dist. Ct. App. 2013) ("The plain and unambiguous language of section 448.103(2)(e) authorizes the court to award

---

[1] Thompson also argues that he never had standing to bring this claim and therefore the district court did not have jurisdiction to enforce the settlement agreement. To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Thompson met these requirements—he was injured when Target fired him, this injury was caused by Thompson's objection to Target's alleged illegal action, and Thompson would be redressed by receiving damages under the FWA. We are therefore unpersuaded by Thompson's argument that he never had standing to bring this claim.

7

compensatory damages without limitation to mere economic damages." (internal quotation marks omitted)).  Considering together all of Thompson's claims for damages, the district court maintained an "arguable basis" for finding diversity jurisdiction existed.  *Espinosa*, 559 U.S. at 271.  Therefore, we affirm the district court's denial of Thompson's motion under Rule 60(b)(4).

For the above-stated reasons, we affirm the district court.

**AFFIRMED**.