[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10525

_____

JERRY BAINBRIDGE,
FAYE BAINBRIDGE,
GENE BRETOI, et al.,

Plaintiffs-Appellees,

*versus*

GOVERNOR OF FLORIDA, et al.,

Defendants,

DIRECTOR OF THE FLORIDA DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:99-cv-02681-JDW-AEP

———————————————

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

JILL PRYOR, Circuit Judge:

This appeal stems from the State of Florida's request to clarify a 17-year-old injunction. Over 20 years ago, a group of Florida wine consumers and an out-of-state winery (collectively, the "Plaintiffs") sued the Director of the Florida Division of Alcoholic Beverages and Tobacco, alleging that certain provisions of Florida's beverage laws unconstitutionally discriminated against out-of-state wineries. After the United States Supreme Court ruled a virtually identical statutory scheme unconstitutional, the Division agreed to entry of judgment declaring Florida's direct shipment laws unconstitutional as applied to out-of-state "wineries." The Division also agreed to an injunction prohibiting it from enforcing its direct shipment laws "against out-of-state vendors and producers." Significantly, these last five words were absent from the parties' proposed injunction and were added *sua sponte* by the district court. No one objected to the court's addition of this language.

That is, not until 16 years later, when the Division filed a motion in district court to "clarify and modify" the injunction. Specifically, the Division asked the district court to confirm that the

injunction applied only to out-of-state wineries rather than out-of-state wine retailers generally. The district court denied the Division's motion. We affirm.

## I.    BACKGROUND

Florida, like many states, strictly regulates the production, distribution, and sale of alcoholic beverages. The State's beverage laws afforded Florida wineries a unique advantage over their out-of-state counterparts. Florida's statutory scheme allowed in-state wineries to sell and deliver wine directly to consumers—without going through a distributor or retailer—but prohibited out-of-state wineries from doing the same. *Compare* Fla. Stat. §§ 561.54 and 561.545 (generally prohibiting the direct delivery of alcoholic beverages to Florida consumers from out of state), *and id.* § 561.22(1) (generally prohibiting manufacturers from obtaining vendor licenses), *with* § 561.221(1)(a) (providing an exception for Florida wine manufacturers—e.g., wineries—which may obtain vendor licenses to sell directly to consumers).

Two decades ago, the Plaintiffs challenged Florida's direct shipment prohibition, alleging it violated the "dormant" aspect of the United States Constitution's Commerce Clause by discriminating against out-of-state wineries. Among other relief, the Plaintiffs sought an injunction prohibiting the Division "from enforcing the provisions of the [statute] prohibiting or punishing the delivery of

alcoholic beverages from an out-of-state supplier to an adult Florida resident." Doc. 36 at 7.[1]

While the Plaintiffs' case was pending, the Supreme Court heard a challenge to two virtually identical statutory schemes in other states. *See Granholm v. Heald*, 544 U.S. 460 (2005). In *Granholm*, the Supreme Court held that state laws that "allow in-state wineries to sell wine directly to consumers in that State but . . . prohibit out-of-state wineries from doing so" violate the Commerce Clause, "and that the discrimination is neither authorized nor permitted by the Twenty-first Amendment." *Id*. at 466.

After *Granholm*, the Division agreed to entry of judgment on the pleadings. The Plaintiffs filed an agreed motion for judgment on the pleadings asking the district court to declare that Florida's beverage laws violated the Commerce Clause "by prohibiting out-of-state wine vendors from selling and delivering their products directly to Florida residents." Doc. 188 at 2. In the same motion, the Plaintiffs requested that the court enjoin the Division from enforcing its direct shipment laws to the extent they prohibited "out-of-state wineries from selling and delivering wine directly to adult Florida residents." *Id*.

With the Division's agreement, the Plaintiffs submitted to the court a proposed order and injunction. The proposed order specified that the declaratory judgment was limited to wineries: "[i]t is ADJUDGED that Florida Statutes §§ 561.54 and 561.545

---

[1] "Doc." numbers refer to the district court's docket entries.

violate the Commerce Clause to the extent that they discriminate against out-of-state wineries by prohibiting them from selling and delivering wine directly to customers in Florida when in-state wineries are not so prohibited." Doc. 189-2 at 2. The parties' proposed injunction, by contrast, included no language limiting the injunction to wineries or otherwise specifying the scope of the injunction: "IT IS FURTHER ORDERED that Defendant is ENJOINED from enforcing Florida Statutes §§ 561.54 and 541.545." *Id.* As submitted, the proposed injunction would have prohibited the State from enforcing the named statutory provisions altogether.

The district court granted the parties' agreed motion for judgment on the pleadings and adopted the proposed order and injunction with one modification. The court adopted the parties' proposed judgment verbatim, declaring the relevant statutory sections unconstitutional "to the extent that they discriminate against out-of-state wineries." Doc. 196 at 2. But, when it came to the injunction, the district court *sua sponte* added five words to the language the parties proposed: "IT IS FURTHER ORDERED that Defendant is ENJOINED from enforcing Florida Statutes §§ 564.54 and 561.545 *against out-of-state vendors and producers*." *Id.* (emphasis added). Neither party objected to the addition of this language.

Shortly after the injunction issued, the Florida Senate Committee on Regulated Industries published a report advising the Florida Senate of the legal status of direct shipment prohibitions on wine. Describing the injunction at issue, the report noted that "[i]t is not clear whether this injunction permits direct shipment by out-

of-state wineries and non-wineries, or whether it was the court's intention to limit the application of the injunction to out-of-state wineries." Fla. Senate Comm. on Regulated Indus., Direct Shipment of Wine to Florida Consumers, Rep. 2006-146 at 13 (2005). According to the report, the Division interpreted the injunction as applicable to out-of-state wineries only and continued to enforce Florida's direct shipment prohibition against out-of-state wine retailers. *Id.* At the time, the Division did not ask the district court to clarify the scope of the injunction.

This remained the status quo for more than a decade. Then, in 2018, the Division changed its position. In response to a petition from an out-of-state wine retailer, the agency issued a declaratory statement that out-of-state wine retailers were exempt from the State's direct shipment prohibition. *See* Fla. Stat. § 120.565. Citing the injunction, the Division explained that it was prohibited from enforcing the State's direct shipment laws against all out-of-state wine retailers—not just out-of-state wineries.[2]

A few years later, the Division sought to restore its original interpretation—that the injunction applied only to wineries—but was hemmed in by its own declaratory statement to the contrary.

---

[2] This declaratory statement made headlines in the beverage industry, which until that point had evidently understood the injunction to apply only to wineries. *See, e.g.,* Emma Balter, *Wine Shipping Watch: Florida Opens Door to Out-of-State Retailer Shipping*, Wine Spectator, Aug. 19, 2019, https://www.winespectator.com/articles/wine-shipping-watch-florida-opens-door-to-out-of-state-retailer-shipping [https://perma.cc/DAW7-RFSF].

So, the Division returned to the district court, seeking to "clarify and modify" the injunction. It argued, as it does on appeal, that the addition of the phrase "vendors and producers" made the injunction ambiguous. Based on Federal Rule of Civil Procedure 60(a), the Division asked the court to modify the injunction to clarify that it applied only to out-of-state wineries, not to out-of-state wine retailers generally. In the alternative, the Division argued that to the extent the injunction applied to wine retailers generally, it was void under Federal Rule of Civil Procedure Rule 60(b)(4) because it exceeded the scope of the parties' agreement.

The district court denied the Division's motion on three grounds. First, the court explained that Rule 60(a) did not apply because the court had intentionally added the phrase "vendors and producers" to correct the parties' omission. Its deliberate use of the phrase therefore was not a clerical error or mistake arising from oversight or omission eligible for correction under Rule 60(a).

Second, the court construed the motion as seeking relief under Rule 60(b)(1), which allows a party to seek relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because a Rule 60(b)(1) motion must be filed within a reasonable time and not more than one year post judgment, the district court denied the motion as untimely. *See* Fed. R. Civ. P. 60(c)(1).

Third, the district court denied the Division's request to vacate the injunction under Rule 60(b)(4), which permits relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4).

It rejected the Division's argument that the injunction exceeded the scope of the parties' consent, finding that the injunction accurately reflected the intent of the parties and the court. Furthermore, even if the injunction exceeded the scope of the parties' consent, the district court concluded, such circumstances would not provide a valid basis to vacate the injunction under Rule 60(b)(4). The Division timely appealed.

## II.    STANDARD OF REVIEW

We review the district court's ruling on a Rule 60(a) motion for abuse of discretion. *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022). But we review *de novo* a district court's determination whether a particular motion seeks relief under Rule 60(a)—as opposed to Rule 59(e) or Rule 60(b)—because that "is a question of law." *Id.* We generally review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). Because "the question of the validity of a judgment is a legal one," we review a district court's ruling on a Rule 60(b)(4) motion *de novo*. *Id.*

## III.    DISCUSSION

The Division makes two arguments for reversal. First, the Division argues that the district court should have construed its motion for clarification or modification as a Rule 60(a) motion. It reasons that because the requested clarification would bring the injunction in line with the court's original intent that the injunction apply only to wineries, the motion qualified under Rule 60(a). Second, the Division argues that if the injunction prohibits

enforcement against out-of-state wine retailers, the injunction is void under Rule 60(b)(4) because it exceeded the scope of the parties' consent. We reject both arguments.

## A.    The Division's Motion to Clarify and Modify Is Governed by Rule 60(b)(1), not Rule 60(a).

Rule 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Division argues that the injunction was intended to apply only to wineries and that the district court's addition of the phrase "against out-of-state vendors and producers" rendered the injunction ambiguous. Based on this purported ambiguity, the Division contends that the injunction does not accurately reflect the intent of the parties and the court. Thus, it argues, Rule 60(a) relief is appropriate to clarify the scope of the injunction. We disagree. The requested modification "was not clerical or ministerial in nature and therefore not permitted by Rule 60(a)." *Stansell*, 40 F.4th at 1311.

The Division is correct that Rule 60(a) allows a district court to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987) (internal quotation marks omitted). We have cautioned, however, that "a district court is not permitted . . . to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir.

1996) (internal quotation marks omitted). "Corrections or alterations that affect the substantial rights of the parties," including factual and legal mistakes, are beyond the rule's scope. *See Vaughter*, 817 F.2d at 689 (internal quotation marks omitted). Instead, a motion under Rule 60(a) can be used only "to make the judgment speak the truth and cannot be used to make it say something other than what originally was pronounced." *Stansell*, 40 F.4th at 1311 (alteration adopted) (internal quotation marks omitted). A Rule 60(a) motion cannot be used to correct "errors of substantive judgment." *Weeks*, 100 F.3d at 129 (emphasis omitted) (internal quotation marks omitted).

Here, the district court's addition of the phrase "against out-of-state vendors and producers" was not a clerical error or a mistake of oversight or omission. Rather, the court *deliberately* added this language to limit the scope of the injunction. The parties' proposed order failed to identify the entities against whom enforcement was enjoined. To correct this omission, the court added the phrase at issue. Where, as here, the district court deliberately included language to alter the scope of the judgment and that language accurately reflects the court's intended ruling, Rule 60(a) does not apply.

Our decision in *Vaughter* does not change this conclusion. 817 F.2d 685. That case involved a class action in which current and former airline pilots sought reimbursement for payments made to an airline's pension plan. *Id.* at 686–87. The district court certified a class but later granted summary judgment to the airline. *Id.* at

687–88. The district court's summary judgment order failed to accurately define the class that was bound by the judgment. *Id.* at 689–90. The court defined the class as one maintained under Rule 23(b)(1) or (2), which was plainly "inconsistent with the prior proceedings in the case." *Id.* at 689. The district court later amended its judgment to conform to the "clear and consistent intention by all concerned [that the class] proceed under Rule 23(b)(3)." *Id.* at 690–91.

On appeal, we held that the district court's modification was properly construed as the correction of an oversight under Rule 60(a) because the amendment "simply clarified the previous understanding and intent of the parties and the court regarding who would be bound by the judgment." *Id.* at 689. Thus, the district court's intent was the touchstone of our inquiry. *See id.*; *see also Stansell*, 40 F.4th at 1311; *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198 (5th Cir. 2011) ("Whether a mistake is correctible under Rule 60(a) turns on whether the judgment reflects the actual intention of the court, not the shared understanding of the parties."). Here, unlike in *Vaughter*, the district court deliberately added the language at issue in an exercise of substantive judgment. Modification of that language is thus beyond the scope of Rule 60(a).

The Division cites out-of-circuit authority to support its argument that Rule 60(a) allows the correction of imprecise language that obfuscates the district court's meaning. Yet these cases, like our precedents, uniformly recognize that "the scope of a court's authority under Rule 60(a) . . . is circumscribed by the court's intent

when it issued the order or judgment." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014); *see also Rivera*, 647 F.3d at 195 ("A district court's authority under Rule 60(a) is also limited to making corrections that are consistent with the court's intent at the time it entered the judgment."); *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("In deciding whether a trial court may alter a judgment pursuant to [Rule 60(a)], our circuit focuses on what the court *originally intended* to do." (emphasis in original)); *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986) ("The Rule does not permit alterations of factual and legal decisions deliberately made.").

Here, the district court expressly determined that the injunction the court entered "accurately reflects the intent of the parties and [the] Court." Doc. 212 at 5. A "district court's interpretation of its own prior order is properly accorded deference on appeal when that interpretation is reasonable." *Stansell*, 40 F.4th at 1311 (alterations adopted) (internal quotation marks omitted). "And where the judgment as written reflects the intent of the court, Rule 60(a) does not permit correction of an error of law." *Id.* Although we do not rule out a situation where intervening circumstances may render a previously clear judgment ambiguous in application, Rule 60(a) does not allow a district court to rewrite its decision any time a party later contends that the language is ambiguous.[3]

---

[3] The Division argues for the first time on appeal that it is entitled to clarification regardless of whether clarification would be permitted under Rule 60(a). Because the Division failed to raise this argument in the district court,

Thus, the district court did not err by construing the Division's motion as made under Rule 60(b)(1), instead of Rule 60(a). *See Kemp v. United States*, 142 S. Ct. 1856, 1865 (2022) (explaining that Rule 60(b)(1) includes judicial mistakes of law). And because Rule 60(b)(1) motions "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order," the district court properly denied the motion as untimely. Fed. R. Civ. P. 60(c)(1).

## B.    The Injunction is Not Void under Rule 60(b)(4).

Alternatively, the Division argues that it is entitled to Rule 60(b)(4) relief because the injunction exceeded the scope of the parties' consent, making it void. But Rule 60(b)(4) relief is limited to situations where a judgment was issued without jurisdiction or in violation of due process; neither was true here. Because the injunction is not void under Rule 60(b)(4), the district court properly denied the Division's motion.

A court may relieve a party from a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted).

---

however, we do not consider it. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012) ("It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal.").

A judgment is not void "simply because it is or may have been er-roneous." *Id.* (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is prem-ised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271; *see also Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) ("A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law.").

Here, the Division does not contend that the injunction was issued without jurisdiction or in violation of due process.[4] Instead, it argues that the injunction is void because the district court lacked the authority to enter an injunction that exceeded the scope of the parties' consent.

We have indeed explained that a court's authority to enter a consent decree derives from the parties' consent. *See Reynolds v. Roberts*, 251 F.3d 1350, 1357 (11th Cir. 2001) ("Lacking the consent of all the parties, the court obviously lacked the power to enter a decree purportedly based on consent, for 'it is the parties'

---

[4] Even if the Division's argument could be characterized as jurisdictional, "it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." *Oakes*, 259 F.3d at 1319. Rather, Rule 60(b)(4) relief is reserved "only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction," which did not occur here. *See Espinosa*, 559 U.S. at 271 (internal quotation marks omitted).

agreement that serves as the source of the court's authority to enter any judgment at all.'" (quoting *Local No. 93 v. City of Cleveland*, 478 U.S. 501, 522 (1986))). For example, although "a party normally has no standing to appeal a judgment to which he or she consented," there is an exception if the judgment "allegedly deviates from the terms of the parties' agreement." *Reynolds v. Roberts*, 202 F.3d 1303, 1312 (11th Cir. 2000) (alteration adopted) (internal quotation marks omitted).

But this case does not come to us on the Division's direct appeal from the entry of the injunction. We have long emphasized that Rule 60(b) strikes a "delicate balance" between the court's obligation to do substantial justice and the "sanctity of final judgments." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). And "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275.

Although the district court's *sua sponte* modification of the injunction 17 years ago may have been erroneous, it falls short of the "fundamental infirmity" necessary to render a judgment void for purposes of Rule 60(b)(4). *See id.* at 270. The Supreme Court rejected a similar argument in *Espinosa*. There, a bankruptcy court failed to comply with statutory requirements before approving a debtor's bankruptcy plan. *Id.* at 265. The creditor sought to vacate the confirmation order under Rule 60(b)(4), arguing that it was void because it exceeded the court's "statutory authority." *Id.* at 273. The Court disagreed, expressly rejecting the creditor's attempt "to expand the universe of judgment defects that support Rule

60(b)(4) relief" beyond jurisdictional errors or due process violations. *Id.* Despite the trial court's legal error, the confirmation order "remain[ed] enforceable and binding on [the creditor] because [it] had notice of the error and failed to object or timely appeal." *Id.* at 275. Like the legal error in *Espinosa*, the alleged error here is insufficient to render the judgment void where the Division had actual notice of the alleged error and failed to object or appeal.

The Division also relies on language from our decision in *Burke v. Smith* that "[a] judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." 252 F.3d 1260, 1263 (11th Cir. 2001). But *Burke* does not support extending Rule 60(b)(4) relief to the circumstances before us.

In *Burke*, we considered whether a district court's failure to comply with certain procedural protections for settling a minor's claim rendered the judgment of dismissal void under Rule 60(b)(4). *Id.* at 1262–63. The district court bound the minor under the settlement agreement and dismissed the complaint without first conducting a fairness hearing as required by Alabama law. *Id.* at 1265. When the minor later challenged the dismissal, we held the judgment void under Rule 60(b)(4). *Id.* at 1266. Due to the lack of a hearing, the error in *Burke* was akin to a deprivation of due process. *See SEC v. Novinger*, 40 F.4th 297, 306 (5th Cir. 2022) (concluding that a previous Fifth Circuit decision involving similar circumstances was "best understood as involving a judgment rendered void by a due process violation" and thus reconcilable with *Espinosa*). By contrast, the Division was afforded a "full and fair

opportunity to litigate, and [its] failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief." *Espinosa*, 559 U.S. at 276. Given that there was no deprivation of due process here, we cannot say that *Burke* controls.

Thus, the Division is not entitled to Rule 60(b)(4) relief. Even if the district court erred by adding the phrase in question to the parties' proposed injunction, such a legal error does not render a judgment void for purposes of Rule 60(b)(4) where, as here, the Division "had notice of the [purported] error and failed to object or timely appeal." *See id.* at 275.

## IV.    CONCLUSION

For the above reasons, we affirm the district court's denial of the Division's motion.[5]

**AFFIRMED.**

---

[5] Given our conclusion that the district court did not err in denying the Division's Rule 60 motion, we need not address the Plaintiffs' arguments that the Division is estopped from challenging the injunction or has waived its ability to do so. Likewise, we do not address the Plaintiffs' argument regarding the impact of the Supreme Court's decision in *Tennessee Wine and Spirits Retailers Association v. Thomas*, 139 S. Ct. 2449 (2019), on the interpretation of the injunction.